## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## COVINGTON DIVISION

| | |
|---|---|
| THOMAS BALL, | : |
| Plaintiff, | : Case No. |
| v. | : |
| | : Judge |
| TZ CONTAINERS, LLC | : |
| | : PLAINTIFF'S VERIFIED COMPLAINT |
| and | : |
| ZACHARY BALL, | : |
| Defendants. | : |

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C §1331 because Plaintiff asserts claims arising under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA")

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) to hear Plaintiff's state law claims.

3. Venue is proper in the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C §1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff Thomas Ball is a former employee of Defendants and resident of this judicial district.

5. Defendant TZ Containers, LLC is a Kentucky limited liability company. Upon information and belief, Defendant TZ Containers operates facilities in Ohio and Kentucky, with its principal office located in this judicial district.

1

6. Defendant Zachary Ball, is, upon information and belief, the sole owner, officer, director, and/or shareholder of Defendant TZ Containers, LLC. He is responsible for the employment policies complained of herein.

7. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

8. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA §203(d). Defendants are also "employers" under KRS 337.010(1)(d).

9. Defendants operate in interstate commerce by, among other things, maintaining offices and/or warehouses in both Ohio and Kentucky and ordering supplies and equipment from various states.

10. Upon information and belief, Defendant Ball is the final step in the grievance procedure available to all employees, resolves all paycheck disputes, and is designated as the person responsible for authorizing overtime for all employees.

## FACTUAL ALLEGATIONS

11. Plaintiffs is a former employee of Defendants, was employed in non-exempt positions, and was subject to Defendants' policy and/or practice of not paying the required overtime premium and/or minimum wage.

12. From January to the end of December 2021, Plaintiff was paid a salary of $300 per week.

13. When Plaintiff worked in excess of 40 hours in a workweek, Defendants gave him no additional compensation.

14. In many cases, Plaintiff worked in excess of 41 hours per workweek, at which point his salary no longer met the minimum wage under the FLSA and Kentucky state law.

2

15. Defendants suffered and permitted Plaintiff to work for wages below the minimum required by federal and state law.

16. Defendants suffered and permitted Plaintiff to work more than 40 hours in a week without paying him the legally-mandated overtime.

17. Defendants were aware, or should have been aware, that Plaintiff performed non-exempt work that required payment of overtime compensation and the minimum wage.

18. During the applicable statutory period, Plaintiff often worked in excess of 40 hours in a workweek without receiving overtime compensation for his overtime hours worked.

19. During the applicable statutory period, Plaintiff often received less than the minimum wage as compensation for his work.

20. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay Plaintiff overtime compensation when they were fully aware he was working overtime hours, and by deliberately devising a scheme to avoid the overtime obligation. Specifically, Defendants paid Plaintiff a salary in order to avoid paying overtime. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

21. Defendants are liable under the FLSA for failing to properly compensate Plaintiff.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME & MINIMUM WAGE

22. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

23. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

24. Defendants often suffered and permitted Plaintiff to work more than 40 hours in a workweek without overtime compensation.

25. Because Defendant compensated Plaintiff on a $300 weekly salary basis, Plaintiff was paid below the minimum wage as a result of working hours in excess of 41 in a workweek without additional compensation.

26. Defendants violated the FLSA's requirements by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate and minimum wage.

27. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

### COUNT II – VIOLATION OF KRS 337.275 AND 337.285 *ET SEQ.*
### UNPAID OVERTIME COMPENSATION AND UNPAID MINIMUM WAGE

29. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

30. KRS 337.275 requires employers to pay a minimum wage of $7.25 per hour worked.

31. KRS 337.285 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

32. KRS 337.385 makes employers who violate KRS 337.275 and 337.285 liable to the affected employees in the amount of unpaid wages, an equal amount in liquidated damages, costs, and attorneys' fees.

33. Defendants violated the abovementioned sections of the Kentucky Revised Statutes by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage and overtime rate.

34. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income.

4

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. Judgment that Plaintiff is a non-exempt employee entitled to protection under the FLSA and Kentucky state law;

2. Judgment against Defendants for violation of the overtime provisions of the FLSA and Kentucky state law;

3. Judgment that Defendants' violations of the FLSA and Kentucky state law were willful;

4. An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal and state law;

5. An award of post-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

*/s/Bradley M. Gibson*
Bradley M. Gibson
Matthew S. Okiishi (OH: 96706; PHV pending)
FINNEY LAW FIRM LLC
4270 Ivy Pointe Blvd., Ste. 225
Cincinnati, Ohio 45245
(513) 943-661
(513) 943-6659
(513) 943-6669 – Fax
brad@finneylawfirm.com
matt@finneylawfirm.com

## VERIFICATION

I, Thomas Ball, declare as follows:

1. I am the Plaintiff in the present case.

2. I have personal knowledge of myself and my activities, including those set out in the foregoing Verified Complaint, and if called on to testify I would competently and truthfully testify as to the matters stated herein.

3. I have personal knowledge of Defendants TZ Containers LLC and Zachary Ball's activities, including those set out in the foregoing Verified Complaint, and if called on to testify I would competently and truthfully testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Verified Complaint are true and correct.

Executed on March 23, 2022.

_____
Thomas Ball